1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**JACOBSON LAW FIRM**
570 N. Columbus Blvd., Suite B
Tucson, Arizona 85711
Telephone (520) 834-8034
Facsimile (520) 844-1011
jeff@jacobsonlawfirm.net
Jeffrey H. Jacobson, State Bar No.: 019502
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Gutierrez, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT** |
| v. | |
| United States Customs and Border Protection, | |
| Defendants. | |

For his Complaint against Defendant, Plaintiff, through counsel, alleges as follows:

### INTRODUCTION

1.      This is an action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to require disclosure of records that the United States Department of Homeland Security have improperly withheld from Plaintiff, and for other relief as stated below.

2.      Pursuant to FOIA and through counsel, Plaintiff requested records pertaining to himself that are kept by Defendant in the ordinary course of business in a system of records. The purpose of these requests is to allow Plaintiff to properly assess and respond to a July 23, 2022, traffic stop by employees of Defendant, United States Border Patrol (Border Patrol) Agents, and actions taken thereafter which led to the revocation of his Sentri Trusted Traveler

1

Pass.

3.      To date, Defendant has not responded in any way to Plaintiff's FOIA request.

4.      Defendant's failure to respond within the statutory deadline violates FOIA.

### PARTIES, JURISDICTION, AND VENUE

5.      For all times relevant to this Complaint, Plaintiff Raul Gutierrez is male, domiciled in Arizona, a current employee of Safety and Security Solutions d/b/a PLE Group, and is a United States citizen.

6.      Defendant United States Customs and Border Protection (CBP), headquartered at 1300 Pennsylvania Avenue NW, Washington, DC 20229, is a component of the Department of Homeland Security (DHS), an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702, that has possession, custody, and/or control of records that Plaintiffs seek.

7.      Border Patrol is a sub-agency/component of CBP.

8.      The events and actions complained of which led to Plaintiff's FOIA request occurred in Yuma County, Arizona.

9.      This Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). All or a substantial part of the events or omissions giving rise to the claims occurred within the jurisdiction of Yuma County, within the District of Arizona, where the Agency also maintains offices.

//

## STATEMENT OF FACTS

11.     On July 23, 2022, Border Patrol Agents performed a traffic stop on a truck being driven by Plaintiff.

12.     Specifically, Border Patrol Agent Soule performed a traffic stop on Plaintiff's vehicle Near Avenue B and the border road in Yuma County, which is within Border Patrol's Yuma Sector. Upon information and belief, Agent Soule was, at the time, assigned to Border Patrol's Wellton Station in Wellton, Arizona.

13.     Within a minute or two of the traffic stop, four other Border Patrol agents arrived, one of which was a K9 agent. During the traffic stop, Border Patrol Agents searched Plaintiff's vehicle and accused Plaintiff of picking up an undocumented person in his truck.

14.     Border Patrol Agents found no evidence of any illegal activity and allowed Plaintiff to leave without any further action.

15.     On July 25, 2022, Henry "Hank" Williams, Plaintiff's supervisor, contacted Wellton Station Supervisory Border Patrol Agent (SBPA) Casey Roloff regarding Agent Soule's traffic stop. SBPA Roloff told Mr. Williams that he was aware of the traffic stop.

16.     On August 2, 2022, Plaintiff learned that his Sentri Trusted Traveler Pass had been revoked.

17.     DHS, which administers the Sentri program, informed Plaintiff that his Sentri pass was revoked because of "a report of possible involvement in human trafficking."

18.     Since Border Patrol's questionable traffic stop, Plaintiff, who frequently legally crosses the United States-Mexico border through CBP Ports of Entry, has been consistently sent to secondary for additional screening.

19.   On December 22, 2022, Plaintiff, through counsel and by Priority U.S. Mail, submitted a FOIA request to CBP. A true and correct copy of Plaintiff's FOIA request is attached hereto as Exhibit 1 and is incorporated by reference.

20.   Plaintiff's FOIA request asked for the following records:

- All I-44 reports regarding or referencing Mr. Gutierrez generated as a result of Border Patrol's traffic stop and investigation on July 23, 2022.

- All I-94 or I-94W forms regarding or referencing Mr. Gutierrez generated as a result of Border Patrol's traffic stop and investigation on July 23, 2022.

- All Intelligence Information Reports (IIRs), Significant Incident Reports (SIRs), or any other general intelligence form or brief prepared by any Agency employee regarding Mr. Gutierrez and/or the July 23, 2022, traffic stop and investigation referenced above.

- All audio and/or video recordings, including Body Worn Camera footage, of the July 23, 2022, traffic stop and investigation referenced above.

- All Remote Video Surveillance System (RVSS) or Integrated Fixed Tower (IFT) video of the July 23, 2022, traffic stop and investigation referenced above.

- All RVSS or IFT video which led to or caused Agent Soules to initiate the July 23, 2022, traffic stop and investigation referenced above.

- Any Agency employee email communications regarding the July 23, 2022, traffic stop and investigation referenced above.

- Any memorandum prepared by any Agency employee regarding the July 23, 2022, traffic stop and investigation referenced above.

- Radio dispatch recordings and/or written dispatch logs regarding the July 23, 2022, traffic stop and investigation referenced above.

- Any recordings, notes, or summaries of any telephone or radio communications, or telephonic communications, including cell phone or dispatch logs to or between the Border Patrol Agents concerning or regarding the July 23, 2022, traffic stop and investigation referenced above.

4

- Produce any Treasury Enforcement Communication System (TECS) records, entries, or alerts for Mr. Gutierrez from July 23, 2022 to December 20, 2022.

- Produce any Treasury Enforcement Communication System (TECS) records, entries, or alerts for a 2021 red Chevrolet Silverado, Arizona license plate ROM301, VIN No.: 3GPYCEF0MG131100 from July 23, 2022, to December 20, 2022.

- Produce any Arizona Criminal Justice Information System (ACJIS) records, entries, or alerts for Mr. Gutierrez from July 23, 2022, to December 20, 2022.

- Produce any Arizona Criminal Justice Information System (ACJIS) records, entries, or alerts for a 2021 red Chevrolet Silverado, Arizona license plate ROM301, VIN No.: 3GPYCEF0MG131100 from July 23, 2022, to December 20, 2022.

- Any records, entries, or alerts from any Agency database used by employees at the Ports of Entry including, but not limited to, Simplified Arrival or Unified Secondary (USEC), regarding Mr. Gutierrez.

21.    On December 27, 2022, the United States Postal Service (USPS) delivered Plaintiff's FOIA request to CBP. A true and correct copy of the USPS Tracking data is attached as Exhibit 2.

22.    CBP has never acknowledged receipt of Plaintiff's FOIA request, and to Plaintiff's knowledge, CBP has not assigned a tracking number to Plaintiff's FOIA request.

23.    As of the date of the filing of this Complaint, it has been 52 days since Plaintiff's FOIA request was submitted. Neither Plaintiff nor his counsel has received any communication from CBP or a determination from CBP regarding Plaintiff's FOIA request.

### COUNT ONE
**(FOIA Violation for Failure to Comply with Statutory Deadlines)**

24.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth.

5

25.    Defendant failed to make a determination with respect to Plaintiff's FOIA requests within statutory deadlines as FOIA requires. 5 U.S.C. §§ 552(a)(6)(A).

26.    Defendant's failure to make a determination with respect to Plaintiff's FOIA requests violates Defendant's FOIA obligations. 5 U.S.C. §§ 552(a)(6)(A).

27.    Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to his FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO
### (FOIA Violation for Wrongful Withholding of Agency Records)

28.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth.

29.    Defendant is an agency subject to FOIA.

30.    Plaintiff properly asked for records within the possession, custody and/or control of Defendant.

31.    Plaintiff's request complied with all applicable regulations regarding the submission of FOIA requests.

32.    Defendant has not released any records or portions thereof in response to Plaintiff's FOIA request.

33.    Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to Plaintiff's FOIA request.

34.    Defendant has not identified whether or how disclosure of each of the records or portions thereof sought by Plaintiff's FOIA request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

35.     Defendant has improperly withheld records responsive to Plaintiff's FOIA request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

36.     Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to his FOIA requests. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A.     Order Defendant to immediately process Plaintiff's FOIA requests;

B.     Order Defendant to immediately conduct searches to identify all records responsive to Plaintiff's FOIA request;

C.     Issue a declaration that Plaintiff is entitled to disclosure of the records sought in his FOIA request;

D.     Order Defendant to immediately disclose and release the requested records in their entirety and to make copies available to Plaintiff;

E.     Enjoin Defendant from charging Plaintiff any search, review, or duplication fees for processing Plaintiff's FOIA request;

F.     Award Plaintiff his costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(1)-(2); and

G.     Award such other and further relief as this Court deems just and proper.

DATED this 17th day of February, 2023.

Respectfully submitted,

/s Jeffrey H. Jacobson
**JACOBSON LAW FIRM**
Jeffrey H. Jacobson
*Attorney for Plaintiff Raul Gutierrez*